NOT DESIGNATED FOR PUBLICATION

No. 121,452

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREIA RENEE BRONNENBERG,
*Appellant.*

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed April 24, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: While she was on probation for felony attempted burglary, the State alleged that Andreia Bronnenberg had violated her probation by committing several new crimes. At a hearing to address Bronnenberg's probation and the new charges, Bronnenberg pleaded no contest to burglary of a nondwelling, a felony. Based on that new crime, the court revoked her probation and imposed her underlying 10-month prison sentence. See K.S.A. 2019 Supp. 22-3716(c)(7)(C) (giving the district court the discretion to revoke probation if the defendant commits a new felony or misdemeanor while on probation).

Bronnenberg has now appealed the district court's decision to revoke her probation. On appeal, she does not challenge the district court's finding that she

committed a new crime. Nor does she contest that a statute, K.S.A. 2019 Supp. 22-3716(c)(7)(C), gave the court discretion to revoke her probation upon such a finding. Instead, she argues that the district court abused its discretion.

Unless the district court has made a legal or factual error (which isn't claimed here), we will set aside its discretionary decision only if no reasonable person could agree with the court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Bronnenberg committed felony burglary while she was already on probation for an attempted felony burglary. Based on that, a reasonable person could conclude that probation had not changed Bronnenberg's behavior and that she wasn't a good candidate to continue on it.

On Bronnenberg's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After reviewing the record available to the sentencing court, we find no error in the sentence the it imposed.

We therefore affirm its decision.